Gregory B. Collins (#023158)
Sean J. O'Hara (#024749)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
sjo@kflawaz.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Overwatch Tactical, LLC, an Arizona limited liability company<br><br>    Plaintiff,<br><br>v.<br><br>Agency Arms, LLC, a California limited liability company<br><br>    Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Overwatch Tactical, LLC ("Overwatch"), for its complaint against defendant Agency Arms, LLC ("Agency"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act and patent laws of the United States seeking a declaratory judgment of non-infringement, invalidity and unenforceability of United States Patent No. D771,767 ("the '767 Patent"). The parties market and sell aftermarket parts for handguns, including aftermarket triggers for use with Glock handguns. On January 31, 2017, Defendant Agency contacted Plaintiff Overwatch and asserted that "[Overwatch's] manufacture and sale of the TAC trigger is believed to constitute acts of infringement upon Agency's patent rights in the '767

1

patent." Agency demanded that Overwatch "take certain steps to avoid further liability and exposure", including: (1) cease production of its TAC trigger; (2) sell all remaining TAC triggers by March 15, 2017; and (3) immediately enter into a settlement agreement with Agency.

2. Contrary to Agency's claim, the TAC trigger does not infringe the '767 Patent. As explained further below, the '767 Patent is a design patent. "A design patent, unlike a utility patent, limits protection to the ornamental design of the article. … [W]hen the design [] contains ornamental aspects, [patentee] is entitled to a design patent whose scope is limited to those aspects alone and does not extend to any functional elements of the claimed article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293–94 (Fed. Cir. 2010). To the extent the TAC trigger and the design set forth in the '767 Patent have any similarity, it is only in their common functional elements. Accordingly, a determination that the '767 Patent is not infringed is appropriate.

3. The '767 Patent is also invalid. While there are several separate and distinct reasons that the '767 Patent should not have issued (all of which support Plaintiff's invalidity claim), most significantly Plaintiff Overwatch was manufacturing and selling TAC triggers (the very trigger Agency accuses of infringement) before Agency applied for the '767 Patent. As a consequence, the '767 Patent is invalid.

## JURISDICTION

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1338(a), 2201 and 2202.

6. Personal jurisdiction over Agency is proper in this District because Agency has availed itself of the rights and benefits of the laws of Arizona; it has marketed, shipped and sold products in this state, and it contacted Plaintiff in Arizona and threatened a suit for patent infringement.

**VENUE**

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because Agency is subject to personal jurisdiction in this judicial district.

**PARTIES**

8. Plaintiff Overwatch is an Arizona limited liability company.

9. Defendant Agency is a California limited liability company. Agency advertises and ships products nation-wide, including into Arizona.

**FACTS**

10. In the 30 years since the Glock pistol was invented, Glock has sold over 10,000,000 handguns.

11. The Glock pistol has become a favorite of law enforcement. Two out of every three police officers carry a Glock handgun.

12. The popularity of the Glock pistol has created a huge market for aftermarket Glock customization, including custom triggers.

13. Aftermarket triggers for Glock pistols have been manufactured and sold by hundreds of companies over the past 30 years. The market for these products is not new.

14. Upon information and belief, Defendant Agency has marketed and sold aftermarket triggers for Glock pistols since January 2015.

15. Like Agency, Plaintiff Overwatch is a relative new comer to the market. It began producing aftermarket triggers for Glock pistols in late 2015. In a little over a year of operation, Overwatch's triggers, including its TAC trigger, have garnered significant recognition and popularity.

3

16. A diagram of the TAC trigger is below.



17. Overwatch began marketing and selling the TAC trigger for use in Glocks on or about October 17, 2015, when it published a photo of the TAC trigger on Instagram.

18. The TAC trigger was offered for public sale on Overwatch's website shortly thereafter.

19. Overwatch sold the first TAC trigger on November 25, 2015. This sale was made directly through Overwatch's public website.

20. On December 4, 2015, roughly two months after Overwatch announced the TAC trigger on Instagram and nine days after Overwatch's first public sale, Defendant Agency sought patent protection for its "ornamental design for a trigger."

21. On November 15, 2016, United States Patent Number D771,767 issued. A true and accurate copy of the '767 Patent is attached hereto as Exhibit 1.

22. That '767 Patent protects the ornamental aspects of the following trigger design (hereinafter, "the '767 Patent Design"):

23. On January 31, 2017, Agency contacted Overwatch through its counsel Griff Griffen, of Sutherland Asbill & Brennan, LLP. A true and accurate copy of Mr. Griffen's letter (hereinafter "the Demand Letter") is attached hereto as Exhibit 2.

24. The Demand Letter asserts, "there is a high degree of similarity between the TAC trigger and Agency's trigger design."

25. The Demand Letter further asserts that "[Overwatch's] manufacture and sale of the TAC trigger is believed to constitute acts of infringement upon Agency's patent rights in the '767 patent."

26. The Demand Letter requested that Overwatch "take certain steps to avoid further liability and exposure", including: (1) cease production of its TAC trigger; (2) sell all remaining TAC trigger by March 15, 2017; and (3) immediately enter into an attached settlement agreement with Agency.

27. The Demand Letter concluded with the following threat: "If [Agency] do[es] not receive a positive response from you or your company within the time frame, we will assume that your company does not wish to resolve this matter amicably, and will proceed accordingly."

28. Based on the foregoing, a justiciable controversy exists between Overwatch and Agency as to whether Overwatch's TAC trigger infringes the '767 Patent and whether the claims of the '767 Patent are valid and enforceable.

29. Absent a declaration of non-infringement, invalidity or unenforceability, Agency will continue to wrongfully allege that Overwatch's TAC trigger infringes the '767 Patent, and thereby cause Overwatch irreparable injury and damage.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement)

30. Overwatch repeats and realleges the paragraphs set forth above as if fully set forth herein.

31. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

32. A judicial declaration is necessary and appropriate so that Overwatch may ascertain its rights regarding its TAC trigger and the '767 Patent.

33. To the extent that there is any similarity between the TAC trigger and the '767 Patent Design, the similarity arises from common functional elements.

34. The TAC trigger and the '767 Patent Design are designs for triggers used with Glock pistols. Any trigger designed for a Glock pistol must be of a certain size and shape in order to fit a Glock pistol. Accordingly, the size and shape of the '767 Patent Design is functional and not relevant for purposes of determining infringement.

35. The TAC trigger and the '767 Patent Design both include three holes on their

two vertical sides, these holes allow the triggers to connect to the Glock pistol's frame, trigger bar and safety. Accordingly, these elements are functional and not relevant for purposes of determining infringement.

36. Like many other aftermarket triggers, the TAC trigger and the '767 Patent Design both feature a hooked trigger design. This hooked design has the function of ensuring consistent trigger finger placement. Accordingly, this element is functional and not relevant for purposes of determining infringement.

37. Also like other aftermarket triggers, the TAC trigger and the '767 Patent Design both have a flat face; the flat face has the function of allowing for a short quick reset. Accordingly, this element is functional and not relevant for purposes of determining infringement.

38. To the extent that the TAC trigger and the '767 Patent Design have any other elements in common, the common elements are functional and, therefore, not grounds for an infringement claim. With the functional elements of the '767 Patent Design removed, an ordinary observer skilled in the art would not be deceived into thinking that the TAC trigger design was the same as the patented design.

39. Overwatch is entitled to a declaratory judgment that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '767 Patent under 35 U.S.C. § 271.

**COUNT TWO**
**(Declaratory Judgment of Invalidity)**

40. Overwatch repeats and realleges the paragraphs set forth above as if fully set forth herein.

41. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity.

7

42. A judicial declaration is necessary and appropriate so that Overwatch may ascertain its rights regarding the validity of the '767 Patent.

43. Overwatch is entitled to a declaratory judgment that the claims of the '767 Patent are invalid because the ornamental design claim lacks ornamentality under 35 U.S.C. §171.

44. Overwatch is also entitled to a declaratory judgment that the claims of the '767 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, and/or 103.

**WHEREFORE**, Overwatch requests judgment against Agency as follows:

1. Adjudging that Overwatch has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '767 Patent, in violation of 35 U.S.C. § 271;

2. Adjudging that each of the claims of the '767 Patent is invalid;

3. Adjudging that the '767 Patent is unenforceable;

4. A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing or otherwise stating that Overwatch infringes any claims of the '767 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '767 Patent against Overwatch or any customers, manufacturers, users, importers, or sellers of Overwatch's products;

5. Declaring Overwatch as the prevailing party and this case as exceptional, and awarding Overwatch its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

6. That Agency be ordered to pay all fees, expenses and costs associated with this action; and

7. Awarding such other and further relief as this Court deems just and proper.

8

1 DATED this 9th day of February, 2017.

KERCSMAR & FELTUS PLLC

By: *s/ Greg Collins*
    Gregory B. Collins
    Sean J. O'Hara
    7150 East Camelback Road, Suite 285
    Scottsdale, Arizona 85251
    Attorneys for Plaintiff

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001